FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

DEC 03 2010

D. MARK JONES, CLERK

BY: DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WILLIAM LEON, Petitioner, | ORDER DENYING MOTION TO APPOINT COUNSEL |
| vs. | |
| UNITED STATES OF AMERICA Respondent, | Case No. 2:10-cv-00733-DB |

On October 29, 2010, Petitioner William Leon filed a "Request for Counsel" asking the Court to appoint him counsel to assist with his second successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence for armed robbery. (Dkt. No. 5). For the reasons set forth herein, Petitioner's motion is denied.

"It is well established that the provisions of the Sixth Amendment regarding the right to counsel 'in all criminal prosecutions' are not applicable to movants under 28 U.S.C. § 2255." Coleman v. Thompson, 501 U.S. 722, 752 (1991); see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[O]ur cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). However, the Court is mindful that 18 U.S.C. § 3006A(a)(2)(B) provides that a court may appoint counsel to represent an indigent habeas petitioner if "the interests of

justice so require." Similarly, 28 U.S.C. § 1915(e) allows the court, in its discretion, to appoint counsel for indigent civil litigants proceeding in forma pauperis. In deciding whether to appoint counsel under these provisions, courts consider several factors including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991); U.S. v. Dillon, 339 F.Supp.2d 1155, 1160 (D. Kan. 2004).

With these factors in mind, the Court concludes that Petitioner has not made the necessary showing for appointment of counsel. For example, because this is Petitioner's second successive § 2255 motion, it is highly unlikely that this Court will have jurisdiction over the motion. Moreover, 28 U.S.C. § 2255(f) provides specific filing requirements for a motion to be considered timely, and it appears that Petitioner failed to comply with these requirements. Additionally, Petitioner does not appear to be incapacitated such that he is unable to adequately function in pursuing this case, and the factual and legal issues presented are not particularly complex.

Accordingly, Petitioner's Request for Counsel is **DENIED** at this time.

**IT IS SO ORDERED.**

Dated this 3rd day of December, 2010.

Dee Benson
United States District Court Judge